**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGAL SAMUELS,

          Plaintiff - Appellant,

  v.

PAM AHLIN, Director, Coalinga State
Hospital; et al.,

          Defendants - Appellees.

No. 13-16044

D.C. No. 1:10-cv-00585-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted August 13, 2014[***]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

    Dougal Samuels, who is civilly committed in the State of California, appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    Samuels consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging federal and state law claims in connection with contracting valley fever. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court properly dismissed Samuels's Americans with Disabilities Act ("ADA") claims because Samuels failed to allege facts showing that defendants discriminated against him because of a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) (setting forth elements of ADA claim and explaining that "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability").

The district court properly dismissed Samuels's equal protection claim because Samuels failed to allege facts showing that he was discriminated against because of his membership in a protected class, *see Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013), or that he was treated differently than similarly situated individuals, *see Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008).

The district court properly dismissed Samuels's medical care claim because Samuels failed to allege facts demonstrating that defendants were personally involved in the alleged violations, or that there was a causal connection between their conduct and the alleged violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-

08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

However, dismissal of Samuels's safe conditions claim was premature. Samuels alleged that defendants knew of the life-threatening risk of building Coalinga State Hospital in a highly endemic area for valley fever, but nonetheless approved or failed to stop the facility's construction. These allegations, liberally construed, were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Youngberg v. Romeo*, 457 U.S. 307, 315 (1982) (a civil detainee's right to safe conditions is protected by the Due Process Clause); *Ammons v. Wash. Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029-30 (9th Cir. 2011) (setting forth objective test, which does not require subjective awareness of risk; thus, "in the face of known threats to patient safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring" (citation and internal quotation marks omitted)).

Finally, Samuels is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity. *See Greater L.A.*

*Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("The [E]leventh [A]mendment does not bar actions against cities and counties.").

Accordingly, we reverse the district court's judgment as to the safe conditions claim, and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**